**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Marco Antonio CORONA, Defendant— Appellant.**

**No. 03–10334.**

**D.C. No. CR–00–00064–DWH/PAL.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.[*]

Decided June 1, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

709

Pamela Greiman, Pamela A. Martin, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM***

■ The sole error alleged on this appeal is that the prosecutor improperly vouched for government witnesses during closing argument rebuttal. Yet the prosecutor never placed the "prestige of the government" behind any witnesses, and while there may have been some reference to limited "information not presented to the jury," it did not specifically support any one particular witnesses's testimony.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

United States v. Hermanek, 289 F.3d 1076, 1098 (9th Cir.2002). Rather, the prosecutor did not go beyond some common-sense generalizations that "simply focused the jury's attention on the incentives the [witnesses] had to tell the truth," which did not amount to vouching. United States v. Daas, 198 F.3d 1167, 1179 (9th Cir.1999).

■ Even if the prosecutor's statements rose to the level of mild vouching, any error would be harmless, as much of the witnesses' testimony was well-corroborated by audio and video tape, and adequately established the appellant's predisposition to commit the crimes of which he was convicted. See Jacobson v. United States, 503 U.S. 540, 549–50, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992) ("[W]here the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition.").

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.